**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SAMUEL THOMAS HALEY,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER JASON JARRETT, *et al.*,<br>Defendants. | Case No. 26-1406-HLT-BGS |

**NOTICE AND ORDER TO SHOW CAUSE**

Plaintiff Samuel Haley filed this action *pro se*. He brings this civil rights action against Defendants Officer Jason Jarrett (Individually), Detective Tony Hawpe (Individually), Sergeant Brad Anderson (Individually), Officer Brian Salmans (Individually), Kristi Hein (Individually), Bomgaars Supply, Inc., John Does 1-5 (Unidentified Law, Enforcement/Dispatchers), and Jane Does 1- 5 (Unidentified Store/Corporate Personnel). (Doc. 1.) He asserts claims under 42 U.S.C. § 1983 for excessive force, material omissions from a probable-cause affidavit, and joint action between private parties and law-enforcement officers. He also asserts Kansas common-law claims for assault and battery, false arrest, malicious prosecution, conversion, and defamation. (*See generally*, *id.*)

**I. Screening Process Under 28 U.S.C. § 1915(e)(2)**

In conjunction with his Complaint, Plaintiff filed a motion to proceed in forma pauperis ("IFP"), which is a motion requesting leave to proceed without prepayment of fees. (Doc. 3.) That motion has been granted by the undersigned by a separate, contemporaneously filed Order.

When a plaintiff proceeds IFP, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2).

Because Plaintiff proceeds *pro se*, the Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate for the *pro se* litigant. *Id.* Although a complaint need not include detailed factual allegations, it must provide sufficient notice of the claims asserted so that a defendant may reasonably respond. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x 510, 515 (10th Cir. 2002). In a case involving multiple defendants, Plaintiff must explain "who is alleged to have done what to whom" rather than rely on collective allegations. *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011).

The Court has screened the Complaint under 28 U.S.C. § 1915(e)(2) and believes that most of Plaintiff's claims may be subject to dismissal for at least one or more reasons. Accordingly, the Court issues this Order to provide notice to Plaintiff of the perceived deficiencies and to provide Plaintiff with an opportunity to either show cause why the undersigned should not recommend partial dismissal or file a complete amended complaint as a matter of course under Fed. R. Civ. P. 15(a)(1) to correct any such deficiencies. If Plaintiff elects not to file an amended complaint or show cause to otherwise address the Court's concerns, then the Court will recommend dismissal of the below causes of action.[1]

## II. Factual Allegations

The Complaint asserts the following claims: (1) Count I – 42 U.S.C. § 1983 Fourth Amendment excessive force claim against Defendant Jarrett; (2) Count II - 42 U.S.C. § 1983 Fourth

[1] Liberally construed, Plaintiff's Complaint asserts two claims against Defendant Officer Jarrett: (1) a 42 U.S.C. § 1983 claim for excessive force (Count I); and (2) a common law claim for assault and battery (Count IV). For purposes of screening only, Plaintiff's allegations sufficiently state plausible claims for excessive-force and assault and battery against Officer Jarrett in his individual capacity. This determination is not a finding on the merits of either claim. It does not prevent Defendant from challenging the sufficiency of the claims through appropriate motion practice or from raising any defense.

Amendment fraudulent affidavit against Defendant Salmans; (3) Count III - 42 U.S.C. § 1983 "Joint Action/State Actor Liability" against Defendants Heins and Bomgaars Supply, Inc.; (4) Count IV – common law battery and assault against Defendant Jarrett and "vicariously against municipal defendants"; (5) Count V- common law false arrest and malicious prosecution against all defendants; (6) Count VI – common law conversion of property against all defendants; and (7) Count VII – common law defamation, libel, slander and actual malice against all defendants. (*See generally* Doc. 1.)

Plaintiff alleges that, on November 4, 2025, he entered a Bomgaars store in Newton, Kansas. (Doc. 1, at 3.) He continues that store manager Kristi Hein prematurely contacted emergency dispatch before Plaintiff had completed shopping or approached the checkout registers. (*Id.*) Plaintiff asserts that the call was based on Hein's unverified, subjective suspicion of him. (*Id.*) He alleges that he attempted to checkout and voluntarily exited the store "entirely empty-handed" with no unpaid merchandise or store property in his position. (*Id.*)

According to Plaintiff, Responding Officer Defendants Jarrett, Hawpe, Anderson, and Salmans arrived at the store and failed to conduct an independent investigation prior to executing a seizure. (*Id.*, at 4.) Defendant Officer Jarrett is alleged to have confronted Plaintiff outside the store and accused him of stealing, although he was unable to identify which store had been involved, identify any merchandise allegedly taken, or indicate in any way how a crime had occurred. (*Id.*) Plaintiff admits that he fled in an act of "self-preservation" after Defendant Jarrett unholstered a taser. (*Id.*) Plaintiff continues, however, that Defendant Jarrett deployed the taser even though Plaintiff was unarmed, nonviolent, did not provoke Defendant Jarrett, and posed no physical threat to the officers or the public. (*Id.*)

According to Plaintiff, Defendant Officer Brian Salmans later prepared a sworn probable-cause affidavit in state court criminal case HV-2026-CR-000323. (*Id.*, at 5.) Plaintiff contends that Salmans omitted exculpatory evidence from the probable cause affidavit relating to the timing of

Hein's call, Plaintiff's empty-handed departure, and the officers' alleged failure to investigate. (*Id.*) He alleges that Salmans did so to "deceive the [state court] magistrate and manufacture probable cause for theft allegations where none existed." (*Id.*) Ultimately all theft, shoplifting, and related property criminal charges arising from this incident were dismissed. (*Id.*)

Plaintiff further alleges that during the arrest, his personal property was seized and converted by Defendants, which deprived Plaintiff of his livelihood and caused him severe financial damage. (*Id.*, at 5, 8.) Finally, he contends that Defendants Hein, Bomgaars and Salmans published defamatory oral statements about him. (*Id.*)

## III. Identified Deficiencies.

### a. Reckless Omission/Fraudulent Probable-Cause Affidavit Claim Against Officer Salmans (Count II).

A plaintiff may bring §1983 claims against a police officer in his or her individual capacity to recover damages for alleged constitutional violations. *Brown v. City of Tulsa*, 124 F.4th 1251, 1265 (10th Cir. 2025). A plaintiff's Fourth Amendment rights are violated by an officer who knowingly or recklessly includes false statement(s) in a probable cause affidavit if the false statement is " 'material to the finding of probable cause.' " *Pennington v. Penner*, 207 F.Supp.2d 1225, 1239 (D. Kan. 2002) (regarding arrest and/or search warrants) (quoting *Bruning v. Pixler*, 949 F.2d 352, 357 (10th Cir.1991) (citations omitted)). An officer likewise violates the Fourth Amendment by knowingly or recklessly omitting information that, if included, would have vitiated probable cause. *Bruning v. Pixler*, 949 F.2d 352, 357 (10th Cir. 1991). "Recklessness can be proved by evidence that the affiant actually 'entertained serious doubts as to the truth of his allegations' or can 'be inferred from omission of facts which are clearly critical to a finding of probable cause.' " *Bruning*, 949 F.2d at 357 (quotations and citations omitted).

Plaintiff alleges that Defendant Salmans "intentionally and recklessly omitted critical, exculpatory evidence" from his sworn probable cause affidavit in an effort "to deceive the [state

court] magistrate and manufacture probable cause for theft allegations where not existed." (Doc. 1, at 5.) More specifically, he contends that Salmans omitted from the affidavit that Hein's telephone call was made prior to Plaintiff attempting to check out purchases, that he left the story empty-handed of unpaid merchandise, and that the responding officers failed to conduct a basic investigation to verify what had occurred. (*Id.*) While the Complaint identifies information Salmans allegedly omitted, it does not provide the affirmative factual contents of the affidavit, identify the offense or offenses the affidavit supported, or sufficiently explain how including the omitted information would have eliminated probable cause.

To cure these deficiencies, Plaintiff must set forth in an amended pleading or written response (as discussed at page 10-11 of this Order), to the extent he can do so in good faith, the material contents of the affidavit; the specific offense or offenses for which it purported to establish probable cause; the specific statement(s) or omission(s) attributable to Salmans; facts showing that Salmans acted knowingly or recklessly; and facts explaining why correcting the affidavit would have eliminated probable cause. Plaintiff must also sufficiently explain how the allegedly defective affidavit caused a constitutional deprivation.

**b. Alleged "Joint Action" by Hein and Bomgaars (Count III).**

In his third cause of action, Plaintiff alleges §1983 "joint action/state actor liability" against Defendants Hein (the store clerk) and Bomgaars Supply, Inc. (the corporation that own the retail location at which Plaintiff was arrested). Heins and Bomgaars are not, however, state actors. Rather they are private parties, which ordinarily do not act under color of state law merely by reporting suspected criminal conduct or furnishing information to police, as discussed *infra*.

Plaintiff has, however, referred to "joint action" between these two private parties and the state actors. (Doc. 1, at 7.) Under the joint action test, a court may find state action by private party that is a "willful participant in joint action with the state or its agents." *Dennis v. Sparks*, 449 U.S. 24,

27 (1980). A § 1983 claim may arise when a private party acts "in concert with (i.e., conspires with) state officials in effecting a particular deprivation of constitutional rights." *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 596 (10th Cir.1999). To succeed on this type of claim, Plaintiff must establish that the private parties were "jointly engaged with state officials in the challenged action, or [have] obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State." *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citation omitted). Even so, "an individual does not act under color of law merely by reporting an alleged crime to police officers who take action thereon." *Jones v. Wal–Mart Stores, Inc.*, 33 F.3d 62 (table), 1994 WL 387887, at *3 (10th Cir. 1994) (citation omitted).

Read in the light most favorable to Plaintiff, the Complaint alleges that Defendant Hein, who is a private citizen alleged to be employed by Defendant Bomgaars, made an unverified report and that officers relied on it without independently investigating. The Complaint does not, however, allege facts showing an agreement, prearranged plan, shared unconstitutional objective, or other concerted action among Defendants Hein, Bomgaars, and the officers.

To cure this deficiency, Plaintiff must file an Amended Complaint or other written response to this Order alleging specific facts – not mere conclusory allegations – showing how Hein or Bomgaars agreed or acted in concert with one or more state officials to accomplish a particular constitutional violation. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989) (holding that conclusory allegations absent supporting factual allegations are insufficient to state a claim on which relief may be granted), *cert. denied*, 493 U.S. 1059, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990). Plaintiff must identify the participants, the nature of their agreement or coordinated conduct, and the acts each participant took to further the shared unconstitutional objective.

**c. Common Law Causes of Action Under Kansas Law (Counts IV – VII)**

**1. Collectively pled allegations.**

While a complaint need not include detailed factual allegations, it must provide sufficient notice of the claims so that a defendant may respond appropriately. *See Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002). Federal Rule of Civil Procedure 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the Court's jurisdiction depends; and (3) the relief requested.

Consistent with these requirements, courts in this District have dismissed complaints that rely on generalized references to "defendants" without identifying the conduct attributable to each party. *See, e.g., Marshall v. Burnley*, No. 17-1090-JTM, 2017 WL 6406864, at *4 (D. Kan. Dec. 15, 2017); *Wenger v. Johnson*, No. 24-1100-HLT-BGS, 2024 WL 4625541, at *7 (D. Kan. Oct. 30, 2024).

All of Plaintiff's common law causes of action are plead collectively against either Defendant Jarrett and "vicariously against municipal Defendants" (Count IV, assault and battery) or against all Defendants (Count V common law false arrest and malicious prosecution, Count VI conversion, Count VII defamation, libel, slander). (*See* Doc. 1, at 7-8.) Plaintiff fails to indicate particular actions taken by the individual Defendants or Doe Defendants relating to his specific causes of action. Instead, he makes only generalized assertions that all Defendants collectively and unlawfully restrained and prosecuted him, converted his property, or slandered him. (*See generally* Doc. 1.)

The Complaint also groups the John and Jane Doe Defendants together without attributing conduct to any individual Doe Defendant. The *pro se* Complaint obliquely alleges that the Doe Defendants "are unidentified law enforcement personnel, 911 emergency dispatchers, or corporate employees whose specific individual acts, omissions, commands, or supervisory failures contributed to the constitutional violations, illegal seizure, spoliation of evidence, or defamation, and whose identities will be substituted upon federal discovery under FRCP 15." (Doc. 1, at 3.) This is

insufficient. Plaintiff may use Doe designations if an individual's identity is genuinely unknown, but he must distinguish each Doe Defendant by role and alleged conduct.

Further, any amended complaint must allege facts, not conclusions, supporting each element of each common law claim Plaintiff chooses to pursue. A claim for common law false arrest under Kansas law requires a plaintiff show that the defendants "restrained his liberty without any sufficient legal cause therefor, and by words or acts which the one being restrained fears to disregard." *Fugate v. Unified Gov't of Wyandotte Co./Kansas City*, 161 F.Supp.2d 1261, 1269 (D. Kan. 2001) (citing *Thompson v. Gen. Fin. Co., Inc.*, 468 P.2d 269 (1970)). Plaintiff's Complaint does not identify how each Defendant caused, instigated, assisted, directed, or encouraged the unlawful arrest.

To establish a claim for malicious prosecution, Plaintiff must show: (1) each defendant initiated, continued, or procured the proceeding of which the plaintiff complains; (2) each defendant acted without probable cause; (3) each defendant acted with malice; (4) the proceedings terminated in favor of the plaintiff; and (5) the plaintiff sustained damages. *Arceo v. City of Junction City, Kansas*, 182 F. Supp. 1062, 1087 (D. Kan. 2022) (*citing Lindenman v. Umscheid*, 875 P.2d 964, 974 (1994) (citation omitted). The Complaint does not explain how each Defendant was in any way involved in initiating, procuring, or continuing Plaintiff's prosecution nor does it identify the process that allegedly resulted in Plaintiff's continued seizure.

Conversion under Kansas law is the unauthorized exercise of ownership or control over another person's goods to the exclusion of that person's rights. *Bomhoff v. Nelnet Loan Services, Inc.*, 109 P.3d 1241, 1246 (2005). A plaintiff must allege a right in the property and the defendant's exercise of control over it to the exclusion of that right. *Shaffer v. City of Leavenworth*, No. 23-2017-KHV, 2023 WL 3933747, at *6 (D. Kan. June 9, 2023).

The Complaint generally alleges that during and after the subject arrest, Defendants collectively and "unlawfully seized and converted Plaintiff's personal property and professional

contracting tools, depriving him of his livelihood and causing severe financial damage." (Doc. 1, at 8.) Plaintiff does not, however, identify the property with particularity, specify which Defendant took or retained it, or describe any demand for its return.

Plaintiff's collective common law claims (Counts IV, V, VI, and VII) against Defendants do not rise above a purely speculative and conclusory level. To cure these deficiencies, Plaintiff must file an Amended Complaint or other written response to this Order alleging facts showing how each named defendant personally satisfied these elements; specifically stating what each defendant personally and separately did or failed to do; when and where the conduct occurred; which right the conduct allegedly violated; and how that person's conduct caused the alleged injury. If Plaintiff asserts supervisory liability against "municipal Defendants", he must identify the relevant policy or supervisory act and allege facts establishing the required affirmative link.

**2. Defamation against all Defendants (Count VII).**

"A defamation claim involves (1) false and defamatory words; (2) communication to a third person; and (3) harm to the reputation of the person defamed." *Smith v. Williams*, No. 20-CV-2224, 2023 WL 6462904, at *7 (D. Kan. Oct. 4, 2023) (quoting *Byers v. Snyder*, 44 Kan.App.2d 380, 237 P.3d 1258, 1270 (2010)). Additionally, a plaintiff must prove actual damages, including harm to his reputation. *Ali v. Douglas Cable Commc'ns*, 929 F. Supp. 1362, 1384 (D. Kan. 1996) (applying Kansas law); *Gobin v. Globe Publ'g Co.*, 232 Kan. 1, 649 P.2d 1239, 1243 (1982).

"The defendant to a defamation claim has a number of affirmative defenses, included among them are truth and privilege." *Ali*, 929 F. Supp., at 1384 (citing *Turner v. Halliburton Co.*, 240 Kan. 1, 7, 722 P.2d 1106 (1986)). A privilege may be absolute or qualified and is determined based on the status of the defendant and the content of the alleged defamatory communication. *Id.* *see also Faber v. Byrle*, 171 Kan. 38, 42-43, 229 P.2d 718 (1951) (holding that communications to a law enforcement officer made for purposes of assisting in the detection of a crime are subject to a

qualified privilege). When a qualified privilege applies, Plaintiff must allege that the statements were false and made with actual malice. *Id.*, at 1385.

The Complaint alleges generally that Defendants Hein and Bomgaars accused Plaintiff of theft and that Defendant Officer Salmans included those false statements in an affidavit. The Complaint also alleges that the "Defendants" collectively acted with malice. The Complaint does not, however, distinguish factual assertions from reports of suspicion, allege facts addressing any applicable privilege, or describe Plaintiff's alleged and actual reputational injury with sufficient specificity. Further, the Complaint is silent as to how the remaining Defendants were in any way involved in any alleged defamation.

To cure these deficiencies, any amended pleading must identify each allegedly defamatory statement, its speaker or author, its substance, when and to whom it was communicated, why it was false, and the actual injury to Plaintiff's reputation. Plaintiff must also distinguish how such alleged statement can be distinguished from a mere report of suspicion. For any potentially privileged communication, Plaintiff must allege facts supporting actual malice rather than relying on conclusory labels. *Dunn*, 880 F.2d at 1197.

**IT IS THEREFORE ORDERED** that, by **December 11, 2026**, Plaintiff may either (1) file a complete amended complaint "as a matter of course" under Fed. R. Civ. P. 15(a)(1) correcting the deficiencies identified above or (2) show cause in writing why the undersigned should not recommend that the District Judge dismiss the deficient claims.

Any amended pleading must be a complete, stand-alone pleading because it will replace the original Complaint. *Greenlee v. Delmar Gardens of Overland Park*, No. 08-2396-GLR, 2009 WL 3126160, *1 (D. Kan. Sept. 25, 2009). Thus, it must include all claims Plaintiff intends to pursue, including the claims against Defendant Officer Jarrett that the Court has found plausible at the screening stage.

Plaintiff is also reminded that he must present a short and plain statement of each claim in concise, numbered paragraphs. See Fed. R. Civ. P. 8(a)(2), 8(d)(1), 10(b). For each claim, Plaintiff must identify the relevant conduct, when and where it occurred, which defendant was responsible, how the conduct harmed Plaintiff, and the right Plaintiff believes was violated.

Failure to timely respond or adequately address the substantive deficiencies identified in this Order may result in a recommendation that the deficient claims be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated November 24, 2026, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge